JUDGE HOLWELL

07 CV 11451

Ira S. Sacks
Martin J. Feinberg
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
L.C. LICENSING, INC.,                                       :
:
:                     Civil Action No.
:                     07 CV
                                      Plaintiff,            :
:                     **COMPLAINT**
       -against-                                            :
:
MAXAMOD ENTERPRISES, INC.                                   :
doing business as VARIAZIONI and                            :
VARIAZIONI NYC; VARIAZIONI INC;                             :
BARRY HEDVAT; BIJAN HEDVAT;                                 :
HERCHEL HEDVAT a/k/a HERSHAL                                :
HEDVAT; MANOUCHER HEDVAT; and                               :
XYZ COMPANIES                                               :
                                      Defendants.           :
------------------------------------------------------------X

Plaintiff L.C. Licensing, Inc. ("LC"), by its attorneys Dreier LLP, alleges on knowledge as to its own acts and otherwise on information and belief as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark counterfeiting, trademark infringement, false designation of origin, trademark dilution, unfair competition, injury to business reputation and false and deceptive business practices in violation of the laws of the United States and the State of New York. LC seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367. Plaintiff's claims are predicated upon the Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051, et seq., and related claims under the statutory and common law of the State of New York. Venue is properly founded in this district pursuant to 28 U.S.C. § 1391 (b), (c).

## THE PARTIES

3. LC is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business at 1441 Broadway, New York, New York 10018.

4. Defendant Maxamod Enterprises Inc. d/b/a Variazioni and/or Variazioni NYC ("Maxamod") is a New York corporation with its principal place of business at 248 West 35th Street, New York, New York 10001.

5. Defendant Variazioni, Inc. ("Variazioni") is a New York corporation with its principal place of business at 2395 Broadway, New York, NY 10024.

6. Defendant Barry Hedvat ("Barry") is an individual residing within the State of New York. Barry is a principal of Maxamod and is a moving, active, dominating and controlling force behind Maxamod's infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in transactions alleged herein and/or is doing business as an individual. Barry regularly conducts business within the State of New York, County of Nassau, including from a place of business at 630 Old Country Road, Garden City, NY 11530 and within the State of New York, County of Westchester, including from a place of business at 125 Westchester Avenue, White Plains, NY 10601.

2

7.  Defendant Bijan Hedvat ("Bijan") is an individual residing within the State of New York. Bijan is the Secretary of Maxamod, and is a moving, active, dominating and controlling force behind Maxamod's infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in transactions alleged herein. Bijan regularly conducts business within the State of New York, County and City of New York, including from a place of business at 248 West 35th Street, New York, NY 10001 amongst other locations within the State of New York, County and City of New York.

8.  Defendant Herchel Hedvat also known as Hershal Hedvat ("Herchel") is an individual residing within the State of New York. Herchel is a principal of Maxamod, and is a moving, active, dominating and controlling force behind Maxamod's infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in transactions alleged herein. Herchel regularly conducts business within the State of New York, County and City of New York, including from a place of business at 248 West 35th Street, New York, NY 10001 amongst other locations within the State of New York, County and City of New York.

9.  Defendant Manoucher Hedvat ("Manoucher") is an individual residing within the State of New York. Manoucher is the Vice President of Maxamod, and is a moving, active, dominating and controlling force behind Maxamod's infringing, counterfeiting and other wrongful activities hereinafter alleged, and personally participated in transactions alleged herein. Manoucher regularly conducts business within the State of New York, County and City of New York, including from a place of business at 248 West 35th Street, New York, NY 10001 amongst other locations within the State of New York, County and City of New York (Barry, Bijan, Herchel, Manoucher, Maxamod and Variazioni are hereinafter collectively referred to as the "Defendants").

10. Due to the nature of the Defendants' business practices, the identity of the various XYZ Companies is not presently known, and the Complaint herein will be amended, if appropriate, to include the name or names of said companies when such information becomes available.

11. At all times relevant hereto, the Defendants and XYZ Companies, are and have been doing business in the State of New York and are and have manufactured, advertised, distributed, offered for sale and/or sold merchandise bearing counterfeits and infringements of Plaintiff's trademarks.

## THE FAMOUS JUICY TRADEMARKS

12. LC, directly and/or through its licensees, is engaged in the manufacture, distribution and sale in interstate and foreign commerce of high quality merchandise sold under the Juicy Couture brand, including men's, women's and children's apparel. This merchandise is sold throughout the United States and the world in high quality retail stores.

13. Since 1996, Juicy Couture merchandise has been widely advertised, offered for sale and sold throughout the United States under various distinctive trademarks. Famous Juicy Couture trademarks used in conjunction with the manufacture and sale of apparel products include, but are not limited to, "JUICY", "JUICY COUTURE", and "CHOOSE JUICY" (collectively, the "Juicy Trademarks"). The Juicy Trademarks have at all relevant times been owned by LC or its predecessors.

14. As a result of LC's exclusive and extensive use and promotion of the Juicy Trademarks, those marks have acquired enormous value and recognition in the United States and throughout the world. The Juicy Trademarks are well known to the consuming public and trade as identifying and distinguishing LC or its predecessors exclusively and uniquely as the source of

the high quality products to which the Juicy Trademarks are applied. The Juicy Trademarks are both distinctive and famous.

15. On October 12, 1999, the "JUICY" Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark No. 2,285,232. On May 9, 2000 and July 26, 2005, the "JUICY COUTURE" Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark Nos. 2,348,674 and 2,978,046 respectively. On September 7, 2004, the "CHOOSE JUICY" Trademark was entered on the Principal Register of the United States Patent and Trademark Office as Registered Trademark No. 2,882,280. Copies of these registrations are attached hereto as Exhibit A. These registrations are valid and subsisting and are in full force and effect.

16. Registered Trademark Nos. 2,285,232 and 2,348,674 have achieved incontestable status pursuant to 15 U.S.C. § 1065.

## DEFENDANTS' WRONGFUL ACTIVITIES

17. Defendants, without the consent of LC, have manufactured, advertised, distributed, offered for sale and/or sold in interstate commerce, merchandise including but not limited to, hooded velour sweatjackets and sweatpants, bearing counterfeit, unauthorized reproductions and/or infringements of the Juicy Trademarks.

18. Long after Plaintiff's adoption, use and authorization of use of the Juicy Trademarks on apparel, and long after Plaintiff's federal registration of the Juicy Trademarks, Defendants commenced the manufacture, advertisement, distribution, offer for sale and/or sale of apparel bearing counterfeits and infringements of the Juicy Trademarks as those trademarks appear on Plaintiff's authorized products and as shown in the U.S. Trademark Registrations attached to this Complaint.

19. The acts of Defendants in manufacturing, advertising, distributing, offering for sale and/or selling in interstate commerce products bearing infringements and counterfeits of the Juicy Trademarks: (a) are likely to cause confusion and mistake among the consuming public that the branded apparel originated from LC, (b) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendants with LC, (c) are likely to cause confusion and mistake among the consuming public that said products and services are being offered to the consuming public with the sponsorship or approval of LC, and/or (d) have caused and are likely to cause dilution of the distinctive quality of the Juicy Trademarks.

20. Defendants manufactured, advertised, distributed offered for sale and/or sold the goods knowing the goods bore infringements and counterfeits of the Juicy Trademarks, or willfully ignored whether the goods bore infringements and counterfeits of the Juicy Trademarks. Defendants engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said goods and, to gain to Defendants, the benefit of the enormous goodwill associated with the Juicy Trademarks. The aforementioned acts of Defendants are also likely to dilute, and have diluted, the distinctive quality of the Juicy Trademarks.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK COUNTERFEITING)**

21. LC repeats each and every allegation set forth in paragraphs 1 through 20 above as if fully set forth herein.

22. The Juicy Trademarks, as they are being used by Defendants, are identical to or substantially indistinguishable from the registered Juicy Trademarks. Accordingly, Defendants have engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

23. Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC, for which LC has no adequate remedy at law. **[Actual damages??]**

### SECOND CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT)

24. LC repeats each and every allegation set forth in paragraphs 1 through 23 above as if fully set forth herein.

25. Defendants' use of the Juicy Trademarks, without LC's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing counterfeits and infringing Juicy Trademarks.

26. Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC for which LC has no adequate remedy at law. **[Actual damages??]**

### THIRD CLAIM FOR RELIEF
### (FALSE DESIGNATION OF ORIGIN)

27. LC repeats each and every allegation set forth in paragraphs 1 through 26 above as if fully set forth herein.

28. Defendants' use of the Juicy Trademarks, without LC's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to

the source, approval or sponsorship of the goods manufactured, distributed, offered for sale and/or sold by Defendants bearing counterfeits and infringements of the Juicy Trademarks.

29.  Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC, for which LC has no adequate remedy at law. [Actual damages??]

### FOURTH CLAIM FOR RELIEF
### (TRADEMARK DILUTION)

30.  LC repeats each and every allegation set forth in paragraphs 1 through 29 above as if fully set forth herein.

31.  The Juicy Trademarks are famous and inherently distinctive. LC and its affiliates, in connection with the promotion and sale of their products, have used the Juicy Trademarks for decades on both a national and international basis. As a result of LC's extensive and substantial promotion of the Juicy Trademarks, the consuming public and trade have come to associate the Juicy Trademarks uniquely and distinctly with LC and its high quality merchandise.

32.  Long after the Juicy Trademarks became famous, Defendants, without authority from LC, used unauthorized reproductions, counterfeits, copies and colorable imitations of the Juicy Trademarks and thereby caused, and are causing, the actual dilution of the distinctive qualities of these registered Trademarks.

33.  As a result, Defendants have engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

34.  Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC, for which LC has no adequate remedy at law. [Actual damages??]

### FIFTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

35. LC repeats each and every allegation set forth in paragraphs 1 through 34 above as if fully set forth herein.

36. The aforementioned acts of Defendants constitute trademark infringement and unfair competition in violation of the common law of the State of New York.

37. Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC, for which LC has no adequate remedy at law. [Actual damages??]

### SIXTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 360-l)

38. LC repeats each and every allegation set forth in paragraphs 1 through 37 above as if fully set forth herein.

39. Defendants' activities have created and continue to create a likelihood of injury to LC's public image and reputation for the production and sale of high quality goods, and dilute the distinctive quality of the famous Juicy Trademarks and all rights held thereunder.

40. By reason of the foregoing, Defendants have violated and are continuing to violate New York General Business Law § 360-l.

41. Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC, for which LC has no adequate remedy at law. [Actual damages??]

### SEVENTH CLAIM FOR RELIEF
### (N.Y. GENERAL BUSINESS LAW § 349)

42. LC repeats each and every allegation set forth in paragraphs 1 through 41 above as if fully set forth herein.

43. The aforementioned acts of Defendants constitute deceptive acts and practices in violation of New York General Business Law § 349.

44. Such conduct has deceived and injured the public.

45. Such conduct on the part of Defendants has injured LC in an amount to be determined at trial and has caused and threatens to cause irreparable injury to LC, for which LC has no adequate remedy at law. **[Actual damages??]**

WHEREFORE, LC demands judgment as follows:

1. Preliminarily and permanently enjoining and restraining Defendants, their respective subsidiaries, affiliates, divisions, officers, directors, principals, servants, employees, successors and assigns, and all those in active concert or participation with them from:

    (a) imitating, copying or making unauthorized use of the Juicy Trademarks;

    (b) manufacturing, importing, exporting, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any unauthorized reproduction, copy or colorable imitation of the Juicy Trademarks;

    (c) using any unauthorized colorable imitation of the Juicy Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with LC or to any goods sold, sponsored, approved by, or connected with LC;

    (d) using any unauthorized colorable imitation of the Juicy Trademarks in connection with the manufacture, promotion, advertisement, display, sale, offering for sale, production, import, export, circulation or distribution of any product which dilutes or is likely to dilute LC's image, trade names or reputation or the distinctive quality of the Juicy Trademarks;

(e)     engaging in any other activity constituting unfair competition with LC, or constituting an infringement of the Juicy Trademarks or of LC's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Juicy Trademarks, and the reputation and the goodwill associated therewith;

(f)     making any statement or representation whatsoever, with respect to the infringing goods in issue, that falsely designates the origin of the goods as those of LC, or that is false or misleading with respect to LC; and

(g)     engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Juicy Trademarks, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 1(a) through 1(f) above.

2.      Directing Defendants to deliver for destruction all products, labels, tags, artwork, prints, signs, packages, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements in their possession, custody or control bearing resemblance to the Juicy Trademarks and/or any unauthorized reproductions, copies, or colorable imitations thereof.

3.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold or otherwise circulated or promoted by Defendants is authorized by LC or is related to or associated in any way with LC's products.

4.      Awarding LC all damages sustained by LC as a result of Defendants' wrongful acts and directing that such damages be trebled, since Defendants' acts were will ful.

5.  Requiring Defendants to account and pay over to LC, all profits realized by their wrongful acts and directing that such profits be trebled due to Defendants' willful actions.

6.  Awarding LC, at its election, statutory damages in the amount of $1,000,000 per mark for each type of good in connection with which Defendants used counterfeits of the Juicy Trademarks.

7.  Awarding LC its costs and reasonable attorneys' and investigatory fees and expenses, together with pre-judgment interest.

8.  Awarding LC punitive damages.

9.  Retaining jurisdiction of this action to enforce compliance with any order entered in this action and for the punishment of any violations thereof.

10. Awarding LC such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       December 20, 2007

Respectfully submitted,

Ira S. Sacks
Martin J. Feinberg
DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 328-6100
*Attorneys for Plaintiff*

# EXHIBIT A

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,285,232

**United States Patent and Trademark Office**   Registered Oct. 12, 1999

## TRADEMARK
### PRINCIPAL REGISTER

### JUICY

TRAVIS JEANS, INC. (CALIFORNIA CORPORATION)
12970 BRANFORD AVENUE, #G
ARLETA, CA 91331

   FOR: CLOTHING, NAMELY, SHIRTS, DRESSES, PANTS, SKIRTS AND JACKETS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-15-1996; IN COMMERCE 10-30-1996.

SER. NO. 75-538,291, FILED 8-18-1998.

HAE PARK, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,348,674
Registered May 9, 2000

## TRADEMARK
PRINCIPAL REGISTER

## JUICY COUTURE

TRAVIS JEANS, INC. (CALIFORNIA CORPORATION)
12970 BRANFORD STREET
ARLETA, CA 91331

FOR: WOMEN'S CLOTHING, NAMELY, JACKETS, DRESSES, SKIRTS, SHORTS, PANTS, SHIRTS, AND T-SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-0-1997; IN COMMERCE 6-0-1997.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COUTURE", APART FROM THE MARK AS SHOWN.

SER. NO. 75-743,731, FILED 7-2-1999.

MARIA-VICTORIA SUAREZ, EXAMINING ATTORNEY

Int. Cls.: **14 and 25**

Prior U.S. Cls.: **2, 22, 27, 28, 39, and 50**

**United States Patent and Trademark Office**

Reg. No. **2,978,046**
Registered July 26, 2005

## TRADEMARK
PRINCIPAL REGISTER

## JUICY COUTURE

L.C. LICENSING, INC. (DELAWARE CORPORATION)
1441 BROADWAY
NEW YORK, NY 10018

FOR: JEWELRY, CUFFLINKS, BRACELETS, PENDANTS, JEWELRY PINS, EARRINGS, RINGS, NECKLACES AND PILL BOXES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 2-0-2004; IN COMMERCE 2-0-2004.

FOR: CLOTHING, NAMELY, FOOTWEAR, HEADWEAR, NECKTIES, SCARVES, BELTS, SHIRTS, SWEATERS, COATS, SUITS, DRESSING GOWNS, HATS, SOCKS, CAPS, DRESSES, BATHING SUITS; SKIRTS, JACKETS, JOGGING SUITS, SWEATSHIRTS, SWEATPANTS, SHORTS, JEANS, PANTS, SHIRTS, UNDERWEAR, LINGERIE, SWIMWEAR, VESTS, BLOUSES, OVERALLS, TEE SHIRTS, STOCKINGS, TIGHTS, APRONS, ROBES, PAJAMAS, KNIT TOPS, CAMISOLES, TANK TOPS, GLOVES, UNDERSHIRTS, TROUSERS, BLAZERS, LEGGINGS, PANTIES, BRAS, BUSTIERS, TEDDIES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-0-1997; IN COMMERCE 6-0-1997.

OWNER OF U.S. REG. NO. 2,348,674.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COUTURE" FOR THE GOODS IN CLASS 25, APART FROM THE MARK AS SHOWN.

SN 76-977,226, FILED 2-28-2002.

KARANENDRA S. CHHINA, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,882,280
Registered Sep. 7, 2004

## TRADEMARK
PRINCIPAL REGISTER

## CHOOSE JUICY

L.C. LICENSING, INC. (DELAWARE CORPORATION)
1441 BROADWAY
NEW YORK, NY 10018

FOR: CLOTHING, NAMELY, SUITS, SHIRTS, T-SHIRTS, PANTS, SHORTS, SWEATSHIRTS, JACKETS, SKIRTS, DRESSES, TOPS, SWEATERS, HEADWEAR, RAINCOATS, UNDERWEAR, PAJAMAS, ROBES, INFANT WEAR, SWIM WEAR, BEACH WEAR; ACCESSORIES, NAMELY, GLOVES, MITTENS, SCARVES, BELTS; SOCKS AND FOOTWEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 6-0-2002; IN COMMERCE 6-0-2002.

OWNER OF U.S. REG. NOS. 2,285,232, 2,348,674, AND 2,387,924.

SN 76-355,074, FILED 1-3-2002.

KARANENDRA S. CHHINA, EXAMINING ATTORNEY